## HONORE DUPLESSIS et al. v. MAUNSEL WHITE.

Where a party sells property, stating that he sells "de bonne foi et sans titres," the purchaser does not acquire such a right as to be the basis of ten years prescription.

An executor cannot, as a general rule, sell property of a succession at private sale; but where he has done so, if the heirs do not object after a long lapse of time, the presumption is, they have ratified the sale by receiving the price; and the title of the purchaser is a just title.

Where an executrix was also sole heir, her selling the property of the succession at private sale will be regarded as an acceptance of the succession as heir; and the title conveyed will be considered a just title.

APPEAL from the Fifth District Court of New Orleans, Buchanan, J. C. Roselius, for plaintiffs. Benjamin and Micou, for defendant. The judgment of the court was pronounced by

ROST, J. The plaintiffs, who are the heirs of Michel Duplessis, claim from the defendant a tract of land confirmed to their father by the United States Commissioners.

The defendant traces his title to the same source, through several mesne conveyances, and invokes the prescription of ten, twenty and thirty years. The first act of sale which he produces, is one bearing date the 12th of September, 1812, from Barthélemy Lafon to Beltremieux; in which it is stated that the vendor acquired the property from Michel Duplessis de bonne foi et sans titres. It is conceded that this is not a sufficient basis for the prescription of ten years. The next deed of conveyance is from the widow of Beltremieux, representing herself as testamentary executrix and sole heir of her husband, to Joshua Lewis. This deed bears date the 9th of May, 1814.

It is said in behalf of the plaintiffs, that this is a private sale of succession property by an executrix, which cannot be the foundation of the prescription of ten years.

However true it may be, as a general rule, that an executor cannot sell the property of the succession he administers, at private sale; if the heirs do not object after a long lapse of time, the presumption is, that they have ratified the sale by receiving the proceeds; and if they have, the title derived from the executor 'is a just title. But in this case, the executrix was also the sole heir of the deceased; nothing prevented her from accepting the succession, purely and simply; and at once taking possession as heir. The fact of her selling the property in that capacity amounts to such an acceptance; and the mention in the act that she was executrix, was immaterial; and affected neither her rights nor her obligations as heir, pure and simple. We consider this sale as a just title.

It is in evidence, that *Judge Lewis* took possession after his purchase; and that his possession, and the possession of those claiming under him, has been notorious and uninterrupted to the present time. It is also shown, that *Michel Duplessis*, who lived in the neighborhood of the land until his death, in 1846, never claimed it and made no mention of it in his will. The judgment appealed from is in favor of the defendant on the plea of prescription; and it is the opinion of the court that it be affirmed.

The judgment is therefore affirmed, with costs.